1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES ELLIS TALLEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

Defendant.

CASE NO. C24-1157-KKE

ORDER DENYING MOTION TO APPOINT
COUNSEL

This matter comes before the Court on Plaintiff Charles Ellis Talley's motion to appoint

counsel. Dkt. No. 7. Mr. Talley filed this complaint against the Department of Veteran's Affairs

("Department") arising from the Department's alleged failure to hold an in-person hearing in 1978

regarding Mr. Talley's entitlement to benefits, his subsequent denials of benefits, and furnishing

allegedly false information to public officials. Dkt. Nos. 6, 9. Mr. Talley previously filed a similar

case in this Court arising from the Department's denial of healthcare related benefits. *See Talley*

*v. Dep't of Veterans Affs.*, No. 2:24-cv-00355-KKE (W.D. Wash. filed March 18, 2024).

Mr. Talley's motion to appoint counsel is denied. Generally, no constitutional right to

appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent

civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Cir. 2009).  To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

While Mr. Talley's motion indicates limited means and prior efforts to obtain counsel (Dkt. No. 7), Mr. Talley has not shown, nor does the Court find, that this case involves complex facts or law, that Mr. Talley is unable to articulate the factual basis of his claims in a fashion understandable to the Court, or that Mr. Talley is likely to succeed on the merits of this case.  As such, the Court finds that Mr. Talley has failed to show the appointment of counsel is appropriate at this time.

For all of these reasons, the Court DENIES Mr. Talley's motion.  Dkt. No. 7.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of September, 2024.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2